# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| MATTHEW SCIABUCUCHI, on Behalf of Himself and All Others Similarly Situated, ) ) ) ) Plaintiff, ) ) v. ) ) SOUTHCOAST FINANCIAL ) CORPORATION; L. WAYNE PEARSON; ) ROBERT M. SCOTT; JAMES P. SMITH; ) WILLIAM A. COATES; TOMMY ) BAKER; STEPHEN F. HUTCHINSON; ) and BNC BANCORP; ) ) Defendants. ) _____ ) | Case No: 2:15-cv-04352-DCN<br><br>**NOTICE OF REMOVAL** |

Defendant BNC BANCORP hereby files this Notice of Removal from the Court of Common Pleas for Charleston County, State of South Carolina, to the United States District Court for the District of South Carolina, Charleston Division, pursuant to 28 U.S.C. §§ 1332, 1441 et seq., and 1446.

1. Defendant BNC BANCORP desires to exercise its right under the provisions of 28 U.S.C. §§ 1332, 1441 et seq., and 1446 to remove this action from the Court of Common Pleas of Charleston County, South Carolina, in which such action is now pending under the caption of *Matthew W. Sciabucuchi, on Behalf of Himself and All Others Similarly Situated v. Southcoast Financial Corporation; L. Wayne Pearson; Robert M. Scott; James P. Smith; William A. Coates; Tommy Baker; Stephen F. Hutchinson; and BNC Bancorp*, Case No. 2015-CP-10-5500, to the United States District Court for the District of South Carolina, Charleston Division. Pursuant to

28 U.S.C. § 1446(a), copies of all pleadings that Plaintiff has filed in the Court of Common Pleas for Charleston County are attached hereto collectively as **Exhibit A**.

2. Although Defendant BNC BANCORP has not yet been properly served, Defendant BNC BANCORP first received copies of the initial pleadings in this action on October 15, 2015. This notice of removal is timely filed because it is being filed within 30 days of Defendant BNC BANCORP's receipt of copies of the initial pleadings setting forth the claim for relief upon which such action or proceeding is based. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.").

3. There exists diversity of citizenship between the Plaintiff and the Defendants and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. This Court therefore has original jurisdiction over this action as provided in 28 U.S.C. § 1332(a).

4. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the District of South Carolina is the federal judicial district embracing the Court of Common Pleas for Charleston County, South Carolina, where the state court action was originally filed.

5. Under the provisions of 28 U.S.C. § 1441 et seq., the right exists to remove this case from the Court of Common Pleas, County of Charleston, to the United States District Court for the District of South Carolina, Charleston Division, which embraces the place where this action is pending. In his Complaint, Plaintiff attempts to set forth claims for (i) breach of fiduciary duties

and (ii) aiding and abetting breaches of fiduciary duties. Plaintiff seeks a judgment enjoining the Defendants from proceeding with, consummating, or closing a proposed merger transaction under which Defendant BNC BANCORP will or would acquire all of the common stock of Defendant Southcoast Financial Corporation in a stock transaction valued at approximately $95.5 million or, alternatively, rescinding the completed transaction or awarding damages to the Plaintiff. Accordingly, the amount in controversy far exceeds the statutory minimum of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

6. This action involves a controversy between citizens of different states. The citizenship of the Plaintiff and Defendants pursuant to 28 U.S.C. § 1332 is completely diverse. Based upon research of publicly available records, Plaintiff is a citizen and resident of the State of Pennsylvania. Defendant BNC BANCORP is a corporation organized under the laws of the State of North Carolina with its corporate headquarters and principal place of business in North Carolina. See Complaint ¶ 19.

7. As alleged in the Complaint, Defendant Southcoast Financial Corporation is a South Carolina corporation and maintains its principal place of business in Charleston County, South Carolina. See id. ¶ 6. Defendant Southcoast Financial Corporation has not yet been properly served with the initial pleadings in this action.

8. Upon information and belief, Defendants L. Wayne Pearson, Robert M. Scott, James P. Smith, William A. Coates, Tommy Baker, and Stephen F. Hutchinson, none of whom have yet been properly served with the initial pleadings in this action, are each citizens and residents of the State of South Carolina.

9. Therefore, the parties to this action are of diverse citizenship. At the time this Notice of Removal was filed, no Defendants have been or were properly served with the initial

pleadings in the action. Defendant BNC BANCORP is filing this notice of removal after receiving copies of the initial pleadings (other than through proper service) and before it was properly served with the initial pleadings.

10. Defendant BNC BANCORP is not a resident or citizen of the State of South Carolina. Defendant BNC BANCORP is filing this notice of removal before any of the Defendants in this action were or have been properly served with the initial pleadings in this action, including any Defendants who may be or are residents or citizens of the State of South Carolina. Accordingly, the "forum defendant rule" does not bar or preclude removal of this action. See 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined *and served* as defendants is a citizen of the State in which such action is brought." (emphasis added)); see also Wensil v. E.I. Dupont De Nemours & Co., 792 F. Supp. 447 (D.S.C. 1992) (28 U.S.C. § 1441(b) did not bar nonresident defendants in a diversity action from removing the action to federal court because the notice of removal was filed before service was effected upon co-defendants who resided in the state where the action was filed).

11. As required by 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal shall be served on Plaintiff and a true copy of this Notice of Removal shall be filed with the Clerk of the Charleston County Court of Common Pleas.

12. A copy of the Notice of Filing of the Notice of Removal is attached hereto as **Exhibit B** (without the copy of this notice of removal that will be attached to it).

13. For all the foregoing reasons, Defendant BNC BANCORP is entitled to remove and by this Notice does hereby remove this civil action from the Court of Common Pleas, Charleston County, South Carolina, to the United States District Court for the District of South Carolina,

Charleston Division, such district and division embracing the jurisdiction where the said suit is pending.

14. Defendant BNC BANCORP respectfully requests that this action currently pending in the Charleston County Court of Common Pleas be removed to this Court and that this Court proceed as if it had originally initiated in this Court.

15. No applicable rules, laws, or statutes prevent or limit the right of removal of this action to this United States District Court.

16. By this Notice of Removal, Defendant BNC BANCORP does not waive any objections or defenses it may have as to service, jurisdiction, or venue or any other defenses or objections it may have to this action. Defendant BNC BANCORP intends no admission of fact, law, or liability by this Notice, and expressly reserves all defenses, motions, and/or pleas.

WHEREFORE, Defendant BNC BANCORP prays that this action be removed to this Honorable United States District Court and that this Court accept jurisdiction of the action and henceforth, that this action be placed on the docket of this Court for further proceedings, the same as though this action had been originally instituted in this Court.

             ROSEN, ROSEN & HAGOOD, LLC

          By: */s/ Daniel F. Blanchard, III*
             Richard S. Rosen (Fed. Id. 3648)
             Daniel F. Blanchard, III (Fed. Id. 6285)
             151 Meeting Street, Suite 400
             P.O. Box 893
             Charleston, SC  29402
             (843) 577-6726
             rsrosen@rrhlawfirm.com
             dblanchard@rrhlawfirm.com

                          TROUTMAN SANDERS, LLP
                          By: */s/ J. Timothy Mast*
                          J. Timothy Mast (GA Bar No. 476199)
                          *(application for admission pro hac vice to be filed)*
                          Mary M. Weeks (GA Bar No. 559181)
                          *(application for admission pro hac vice to be filed)*
                          600 Peachtree Street, NE, Suite 5200
                          Atlanta, GA 30308-2216
                          (404) 885-3312; Fax: (404) 962-6796
                          tim.mast@troutmansanders.com
                          mary.weeks@troutmansanders.com

                          ATTORNEYS FOR DEFENDANT BNC
                          BANCORP

Charleston, South Carolina
October 26, 2015