UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| MATTHEW SCIABUCUCHI, On Behalf of Himself and All Others Similarly Situated, | ) ) ) | Case No. 2:15-CV-04352-DCN |
| Plaintiff, | ) ) | JURY TRIAL DEMANDED |
| v. | ) ) ) | |
| SOUTHCOAST FINANCIAL CORPORATION, L. WAYNE PEARSON, ROBERT M. SCOTT, JAMES P. SMITH, WILLIAM A. COATES, TOMMY BAKER, STEPHEN F. HUTCHINSON, and BNC BANCORP, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**VERIFIED AMENDED CLASS ACTION COMPLAINT**

Plaintiff, by his undersigned attorneys, for this Verified Amended Class Action Complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1.     This is a class action brought on behalf of the public stockholders of Southcoast Financial Corporation ("Southcoast" or the "Company") against Southcoast and its Board of Directors (the "Board" or the "Individual Defendants"), to enjoin a proposed transaction announced on August 14, 2015 (the "Proposed Transaction"), pursuant to which Southcoast will be acquired by BNC Bancorp ("BNC").

2.     On August 14, 2015, the Board caused Southcoast to enter into an agreement and plan of merger (the "Merger Agreement").  Pursuant to the terms of the Merger Agreement,

stockholders of Southcoast will receive $13.35 for each share of Southcoast common stock payable in shares of BNC common stock based upon the twenty-day volume weighted average price of BNC common stock prior to the closing of the merger.

3.      The Proposed Transaction is the product of a flawed process and deprives Southcoast's public stockholders of the ability to participate in the Company's long-term prospects.   Furthermore, in approving the Merger Agreement, the Individual Defendants breached their fiduciary duties to plaintiff and the Class (defined herein).  Moreover, as alleged herein, Southcoast and BNC aided and abetted the Individual Defendants' breaches of fiduciary duties.

4.      Compounding the unfairness of the Proposed Transaction, defendants issued materially incomplete and misleading disclosures in the Form S-4 Registration Statement (the "Registration Statement") filed with the United States Securities and Exchange Commission ("SEC") on October 28, 2015.

5.      Plaintiff seeks enjoinment of the Proposed Transaction or, alternatively, rescission of the Proposed Transaction in the event defendants are able to consummate it.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) in that plaintiff and defendants are citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interests and costs.  This action is not a collusive one to confer jurisdiction on a court of the United States which it would not otherwise have.

7.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of

2

jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.    Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein, including the defendants' primary participation in the wrongful acts detailed herein, occurred in this District.  The Company is incorporated in this District, and defendants have received substantial compensation in this District by engaging in numerous activities and conducting business here, which had an effect in this District.

## PARTIES

9.    Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Southcoast common stock.  Plaintiff is a citizen of Pennsylvania.

10.    Defendant Southcoast is a South Carolina corporation and maintains its principal executive offices at 530 Johnnie Dodds Boulevard, Mount Pleasant, South Carolina 29464.  The Company is the bank holding company for Southcoast Community Bank ("Southcoast Bank").  Southcoast's common stock is traded on the NasdaqGM under the ticker symbol "SOCB."

11.    Defendant L. Wayne Pearson ("Pearson") has served as a director of Southcoast since 1998.  According to the Company's website, Pearson is Chairman of the Board, President, and Chief Executive Officer ("CEO") of Southcoast.  Upon information and belief, Pearson is a citizen of South Carolina.

12.    Defendant William A. Coates ("Coates") has served as a director of Southcoast since 1998.  According to the Company's website, Coates is Vice Chairman of the Board.  Upon information and belief, Coates is a citizen of South Carolina.

13.    Defendant Tommy B. Baker ("Baker") has served as a director of Southcoast since 2005.  Upon information and belief, Baker is a citizen of South Carolina.

14.    Defendant Stephen F. Hutchinson ("Hutchinson") has served as a director of Southcoast since 2005.  Upon information and belief, Hutchinson is a citizen of South Carolina.

15.    Defendant Robert M. Scott ("Scott") has served as a director of Southcoast since 1998.  Upon information and belief, Scott is a citizen of South Carolina.

16.    Defendant James P. Smith ("Smith") has served as a director of Southcoast since 1998.  Upon information and belief, Smith is a citizen of South Carolina.

17.    The defendants identified in paragraphs ten through sixteen are collectively referred to herein as the "Individual Defendants."  By virtue of their positions as directors and/or officers of Southcoast, the Individual Defendants are in a fiduciary relationship with plaintiff and the other public stockholders of Southcoast.

18.    Each of the Individual Defendants at all relevant times had the power to control and direct Southcoast to engage in the misconduct alleged herein.  The Individual Defendants' fiduciary obligations required them to act in the best interest of plaintiff and all Southcoast stockholders.

19.    Each of the Individual Defendants owes fiduciary duties of loyalty, good faith, due care, and full and fair disclosure to plaintiff and the other members of the Class.  The Individual Defendants are acting in concert with one another in violating their fiduciary duties as alleged herein, and, specifically, in connection with the Proposed Transaction.

20.    Plaintiff alleges herein that the Individual Defendants, separately and together, in connection with the Proposed Transaction, violated, and are continuing to violate, the fiduciary duties they owe to plaintiff and the Company's other public stockholders, due to the fact that they have engaged in all or part of the unlawful acts, plans, schemes, or transactions complained of herein.

21.    Defendant BNC is a North Carolina corporation with its corporate headquarters located at 1226 Eastchester Drive, High Point, North Carolina 27265.

## CLASS ACTION ALLEGATIONS

22.    Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Southcoast (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

23.    This action is properly maintainable as a class action.

24.    The Class is so numerous that joinder of all members is impracticable. As of July 31, 2015, there were approximately 7,103,751 shares of Southcoast common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

25.    Questions of law and fact are common to the Class, including, among others: (i) whether defendants have breached their fiduciary duties owed to plaintiff and the Class and/or aided and abetted such breaches; and (ii) whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

26.    Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

27.    The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the

adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

28.    Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

SUBSTANTIVE ALLEGATIONS

*Background of the Company*

29.    Southcoast is the holding company for Southcoast Bank.

30.    Southcoast Bank is a locally-owned and operated business that has been dedicated to serving the financial needs of neighboring communities since 1998.  Located in the Charleston, South Carolina, metropolitan area, Southcoast Bank is headquartered in Mt. Pleasant.

31.    Southcoast Bank has ten locations in the Greater Charleston market, including offices in Charleston, North Charleston, Mt. Pleasant, Johns Island, Moncks Corner, Summerville, and Goose Creek.

32.    The Company is positioned for future growth and success.

33.    On April 15, 2015, Southcoast issued a press release wherein it announced its 2015 first quarter results.  The Company reported unaudited net income of $1,978,000, or $0.28 per basic share, for the quarter ended March 31, 2015, compared to unaudited net income of $643,000, or $0.09 per basic share, for the quarter ended March 31, 2014.  With respect to the results, Individual Defendant Pearson, Chairman and CEO of the Company, commented: "We are proud of the improvements in our Company's performance as they reflect the loyalty of our customers and the dedication of our employees."

6

34.     On July 9, 2015, Southcoast issued a press release wherein it announced its 2015 second quarter results.  The Company reported unaudited net income of $873,000, or $0.12 per basic share, for the quarter ended June 30, 2015, compared to unaudited net income of $709,000, or $0.10 per basic share, for the quarter ended June 30, 2014.  The 2015 results reflected continued improvements in asset quality, deposit mix, and profitability. With respect to the results, Individual Defendant Pearson commented: "Our Company's improved performance for the quarter and year to date reflects steady loan and deposit growth, as well as an improvement in our deposit mix."

*The Flawed Process Leading Up to the Merger Agreement*

35.     In January 2015, Southcoast's Board engaged Banks Street Partners, LLC ("Banks Street") to provide financial advisory and investment banking services in connection with the exploration of a potential merger or sale of Southcoast.

36.     Beginning on April 24, 2015, Banks Street contacted parties regarding their interest in a potential acquisition.  Sixteen parties expressed interest in evaluating the opportunity and executed nondisclosure agreements ("NDAs").  The Registration Statement fails to disclose whether any NDAs contained standstill and/or "don't-ask, don't-waive" provisions.

37.     On June 23, 2015, eight parties submitted nonbinding indications of interest.  The Registration Statement fails to disclose the financial terms of the offers, including whether they were all-cash, all-stock, or a combination thereof.

38.     The following day, Banks Street contacted one of the bidders "to discuss the pricing necessary for the bidder to be invited to the final round," and the bidder "responded by raising its bid."  The Registration Statement fails to disclose the "pricing necessary for the bidder to be invited to the final round," including how that pricing was determined, as well as the terms

of the revised offer.

39.     On June 25, 2015, the Board instructed Banks Street to invite only the two highest

bidders ("Party A" and BNC), as well as the party that raised its offer on June 24 ("Party B"), to

a final round of bidding.

40.     On July 16, 2015, Party B withdrew from the process.

41.     On July 23, 2015, the Board, certain officers, and the Company's representatives

met with and received presentations from Party A and BNC.  Each presentation included the

anticipated impact of a transaction on Southcoast's executive officers; however, the Registration

Statement fails to disclose the nature of such impacts on the Company's officers, including

whether either party indicated that the officers would be employed by the post-transaction

company.

42.     On July 24, 2015, the Board determined to enter into a letter of intent with BNC.

43.     On August 13, 2015, the Board met and received an opinion from Banks Street

that the Proposed Transaction with BNC would be fair to Southcoast's shareholders from a

financial point of view.  The Board then approved the signing of the Merger Agreement, which

was executed the following day.

***The Inadequate Proposed Transaction and Preclusive Deal Protection Provisions***

44.     Despite the Company's prospects for future growth and success, the Board caused

the Company to enter into the Merger Agreement, pursuant to which Southcoast will be acquired

by BNC for inadequate consideration.

45.     To the detriment of the Company's stockholders, the terms of the Merger

Agreement substantially favor BNC and are calculated to unreasonably dissuade potential suitors

from making competing offers.

46.     For example, the Individual Defendants have all but ensured that another entity will not emerge with a competing proposal by agreeing to a "No Solicitation" provision in Section 4.18 of the Merger Agreement that prohibits the Individual Defendants from soliciting alternative proposals and severely constrains their ability to communicate and negotiate with potential buyers who wish to submit or have submitted unsolicited alternative proposals.  Section 4.18(a) of the Merger Agreement states, in relevant part:

> (a) Except as set forth in this subsection, Southcoast shall not, and shall not authorize or permit any of its affiliates, officers, directors, employees, agents, or advisors to, directly or indirectly, solicit or entertain offers from, negotiate with or in any way manner encourage, discuss, accept, or consider an Acquisition Proposal (defined below) of any other Person.  In addition, Southcoast agrees to immediately cease and cause to be terminated any previously undertaken or ongoing activities, discussions or negotiations with any other Person with respect to any Acquisition Proposal.

47.     Section 4.18(a) further provides:

> [I]f Southcoast or any of its affiliates, officers, directors, employees, agents, or advisors receives any communication regarding an Acquisition Proposal between the date hereof and the Closing Date, then Southcoast shall immediately notify BNC of the receipt of such Acquisition Proposal. . . . Southcoast shall keep BNC reasonably informed on a prompt basis of the status and material terms of any such Acquisition Proposal, including any material amendments or proposed amendments as to price and other material terms thereof and any change in Southcoast's intentions with respect to the transactions contemplated hereby.

48.     Moreover, and significantly, the Merger Agreement does not permit the Southcoast Board to terminate the Merger Agreement upon the Company's receipt of a "Superior Proposal."

49.     If the Board does terminate the Merger Agreement under certain circumstances, Southcoast will be required to pay BNC a "Termination Fee" in the amount of $3 million pursuant to Section 10.8 of the Merger Agreement.

9

50.      By agreeing to all of the deal protection devices, the Individual Defendants have locked up the Proposed Transaction and have precluded other bidders from making successful competing offers for the Company.

51.      Furthermore, certain of the Company's directors and officers stand to receive significant benefits and, thus, have reason to support the Proposed Transaction.

52.      For example, Individual Defendants Pearson and Scott, as well as William C. Heslop, Senior Vice President and Chief Financial Officer of Southcoast, will receive $850,139, $755,245, and $412,935, respectively, in change in control benefits upon consummation of the Proposed Transaction.

53.      Individual Defendant Pearson will serve as a consultant for BNC following the close of the Proposed Transaction, and has entered into a non-compete agreement with BNC, pursuant to which he will receive an additional $900,000.

54.      William C. Seabrook ("Seabrook"), Executive Vice President and Chief Operating Officer of Southcoast, William R. Billings, Executive Vice President and Senior Credit Officer, and Robert A. Daniel, Jr., Executive Vice President and Chief Lending Officer, will be employed by BNC following the merger, *and* will receive change in control benefits of $484,509, $619,727, and $368,851, respectively.

55.      Moreover, Pearson, Scott, and Seabrook are expected to receive $1,950,139, $755,245, and $749,932, respectively, in golden parachute compensation.

56.      In sum, the consideration to be paid to plaintiff and the Class in the Proposed Transaction is unfair and inadequate because, among other things, the intrinsic value of the Company is materially in excess of the amount offered in the Proposed Transaction.

57.    According to *Yahoo! Finance*, at least one analyst has set a price target for Southcoast of $18.18 per share.

58.    Furthermore, the Proposed Transaction consideration fails to adequately compensate the Company's stockholders for the significant synergies created by the merger.

59.    Accordingly, the Proposed Transaction will deny Class members their right to share proportionately and equitably in the true value of the Company's valuable and profitable business, and future growth in profits and earnings.

60.    As a result, defendants have breached their fiduciary duties that they owe to the Company's public stockholders because the stockholders will not receive adequate or fair value for their Company common stock in the Proposed Transaction.

***The Materially Incomplete and Misleading Registration Statement***

61.    Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.  As discussed below and elsewhere herein, the Registration Statement omits material information that must be disclosed to Southcoast's stockholders to enable them to render an informed decision with respect to the Proposed Transaction.

62.    The Registration Statement omits material information with respect to the process and events leading up to the Proposed Transaction, as well as the opinions and analyses of Banks Street.  This omitted information, if disclosed, would significantly alter the total mix of information available to Southcoast's stockholders.

63.    For example, the Registration Statement fails to disclose the timing and nature of all communications regarding future employment or directorship of Southcoast's officers and directors, including who participated in all such communications.

64.    The Registration Statement fails to disclose whether any NDAs entered into with the potential bidders contained standstill and/or "don't-ask, don't-waive" provisions.

65.    The Registration Statement fails to disclose the terms of the offers submitted by each of the bidders.

66.    With respect to Banks Street's *Selected Peer Mergers Analysis*, the Registration Statement states that Banks Street compared selected operating results of Southcoast to: (i) eighteen southeast mergers announced since January 1, 2014 for whole banks with total assets between $200 million and $2 billion, nonperforming assets/total assets between 1.0% and 4.0%, and tangible common equity/tangible assets ratios between 7.0% and 12.0% as of June 30, 2015 (the "Peer Group"); (ii) twenty-one mergers for whole banks announced since January 1, 2014 involving sellers headquartered in Georgia, North Carolina, or South Carolina (the "GA/Carolinas Peer Group"); and (iii) sixty-six southeast mergers for whole banks announced since January 1, 2014 (the "Southeast Peer Group").  (*See* Registration Statement at 41.)  While the Registration Statement provides Southcoast's shareholders with the banks comprising the Peer Group and the GA/Carolinas Peer Group, as well as their respective multiples (Registration Statement at 43-44), the Registration Statement only provides twenty-two of the sixty-six Southeast Peer Group banks (Registration Statement at 45).  The Registration Statement fails to, but should, disclose the additional forty-four Southeast Peer Group banks as well as their respective multiples.

67.    Additionally, the Registration Statement states that "[d]etailed composition of each merger peer group is available in Tables 1-5 at the end of this section of the document." (Registration Statement at 41.)  However, the Registration Statement only provides Tables 1, 2, and 3, and Table 3 is incomplete (Registration Statement at 43-45).  The Registration Statement

should disclose the currently omitted Tables 4 and 5, as well as the complete Table 3.

68.    With respect to Banks Street's *Net Present Value Analysis of Stock Consideration Portion*, the Registration Statement fails to disclose: (i) how Banks Street calculated the estimated 5% asset growth and 1.05% return on average assets; (ii) how Banks Street arrived at terminal earnings multiples of 10.0-16.0x; and (iii) Banks Street's basis for selecting a discount rate range of 11% to 15% (Registration Statement at 41-42).

69.    The Registration Statement also fails to disclose a summary of any comparable companies analysis performed by Banks Street.  If no comparable companies analysis was performed, the Registration Statement should disclose Banks Street's rationale for failing to do so.

## COUNT I

### (Breach of Fiduciary Duties Against the Individual Defendants)

70.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

71.    As members of the Company's Board, the Individual Defendants have fiduciary obligations to: (a) undertake an appropriate evaluation of Southcoast's net worth as a merger/acquisition candidate; (b) take all appropriate steps to enhance Southcoast's value and attractiveness as a merger/acquisition candidate; (c) act independently to protect the interests of the Company's public stockholders; (d) adequately ensure that no conflicts of interest exist between the Individual Defendants' own interests and their fiduciary obligations, and, if such conflicts exist, to ensure that all conflicts are resolved in the best interests of Southcoast's public stockholders; (e) actively evaluate the Proposed Transaction and engage in a meaningful auction with third parties in an attempt to obtain the best value on any sale of Southcoast; and (f) disclose all material information to the Company's stockholders.

72.    The Individual Defendants have breached their fiduciary duties to plaintiff and the

Class.

73.    As alleged herein, the Individual Defendants have initiated a process to sell

Southcoast that undervalues the Company.  In addition, by agreeing to the Proposed Transaction,

the Individual Defendants have capped the price of Southcoast at a price that does not adequately

reflect the Company's true value.  The Individual Defendants also failed to sufficiently inform

themselves of Southcoast's value, or disregarded the true value of the Company.  Furthermore,

any alternate acquiror will be faced with engaging in discussions with a management team and

Board that are committed to the Proposed Transaction.

74.    As such, unless the Individual Defendants' conduct is enjoined by the Court, they

will continue to breach their fiduciary duties to plaintiff and the other members of the Class.

75.    Plaintiff and the members of the Class have no adequate remedy at law.

## COUNT II

### (Breach of Fiduciary Duty of Disclosure
### Against the Individual Defendants)

76.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

77.    The Individual Defendants have caused materially misleading and incomplete

information to be disseminated to the Company's public stockholders.    The Individual

Defendants have an obligation to be complete and accurate in their disclosures.

78.    The Registration Statement fails to disclose material information, including

financial information and information necessary to prevent the statements contained therein from

being misleading.

79.    The misleading omissions and disclosures by defendants concerning information

and analyses presented to and considered by the Board and its advisors affirm the inadequacy of

disclosures to the Company's stockholders.  Because of defendants' failure to provide full and fair disclosure, plaintiff and the Class will be stripped of their ability to make an informed decision with respect to the Proposed Transaction, and thus are damaged thereby.

80.     Plaintiff and the members of the Class have no adequate remedy at law.

## COUNT III

### (Aiding and Abetting the Board's Breaches of Fiduciary Duties Against Southcoast and BNC)

81.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

82.     Defendants Southcoast and BNC knowingly assisted the Individual Defendants' breaches of fiduciary duties in connection with the Proposed Transaction, which, without such aid, would not have occurred.  In connection with discussions regarding the Proposed Transaction, Southcoast provided, and BNC obtained, sensitive non-public information concerning Southcoast and thus had unfair advantages that are enabling it to pursue the Proposed Transaction, which offers unfair and inadequate consideration.

83.     As a result of this conduct, plaintiff and the other members of the Class have been and will be damaged in that they have been and will be prevented from obtaining fair consideration for their Southcoast shares.

84.     Plaintiff and the members of the Class have no adequate remedy at law.

### PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.     Ordering that this action may be maintained as a class action and certifying plaintiff as the Class representative and plaintiff's counsel as Class counsel;

B.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

C.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to plaintiff and the Class;

D.      Directing defendants to account to plaintiff and the Class for their damages sustained because of the wrongs complained of herein;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: November 11, 2015                          **GRUENLOH LAW**

                                        By:  _s/ William Michael Gruenloh_
                                             Wm. Michael Gruenloh
                                             192 E. Bay Street, Suite 202
                                             Charleston, SC 29401
                                             (843) 577-0027
                                             (843) 577-0721 (Fax)
                                             *Attorneys for Plaintiff*

**OF COUNSEL:**

**RIGRODSKY & LONG, P.A.**
Seth D. Rigrodsky
Brian D. Long
Gina M. Serra
Jeremy J. Riley
2 Righter Parkway, Suite 120
Wilmington, DE 19803
(302) 295-5310

**RYAN & MANISKAS, LLP**
Katharine M. Ryan
Richard A. Maniskas
995 Old Eagle School Road,
Suite 311
Wayne, PA 19087
(484) 588-5516

# VERIFICATION

I, Matthew Sciabucuchi, hereby verify that I have reviewed the foregoing complaint (the "Complaint") and I have authorized the filing of the Complaint. The statements made in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief.

Dated: 11/3/15

MATTHEW SCIABUCUCHI